UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Juan Alberto Tercero-Guerrero, )<br>)<br>Defendant. )<br>_____ ) | Cr. No.: 6:11-cr-02201-GRA-1<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Defendant Juan Alberto Tercero-Guerrero's *pro se* Motion to Alter Judgment. ECF No. 110. For the reasons stated below, this motion is DENIED.

On January 31, 2012, Defendant pled guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine, the only count with which Defendant was charged, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), & 846. ECF Nos. 24 & 79. Defendant filed a Motion to Depart from Guidelines, seeking a downward variance from the advisory sentencing guideline range of 108 to 135 months. ECF No. 94. Defendant was sentenced on February 23, 2012, to a term of 87 months imprisonment. ECF No. 105. Defendant filed his current Motion to Alter Judgment on February 10, 2014.[1] ECF No. 110.

Defendant brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). A stamp from the Federal Prison in McRae, GA indicates that the petition was delivered there on February 10, 2014. ECF No. 110-1.

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). Applying this liberal standard, this Court construes the present motion as a motion for relief from a judgment or order under Rule 60(b).

Fed. R. Civ. P. 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b), Fed. R. Civ. P. has invested federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 101–02 (4th Cir. 1979) (internal quotation marks and citations omitted). "When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court, . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam) (internal quotation marks and citations omitted). Relief under Rule 60(b)(6) is an extraordinary remedy requiring a showing of "extraordinary circumstances." *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000).

Defendant has failed to state any valid reason why the Court should grant relief from its previous order under any of the specifically enumerated provisions contained in Rule 60(b).  As the basis for his Motion, Defendant relies solely on the Federal Prison Bureau Non-Violent Offender Relief Act, a bill that was introduced on November 21, 2003, January 6, 2005, January 7, 2011, and again on January 3, 2013, but has never been enacted.  Federal Prison Bureau Non-Violent Offender Relief Act of 2003, H.R. 3575, 108th Cong. (2003); Federal Prison Bureau Non-Violent Offender Relief Act of 2005, H.R. 256, 109th Cong. (2005); Federal Prison Bureau Non-Violent Offender Relief Act of 2011, H.R. 223, 112th Cong. (2011); Federal Prison Bureau Non-Violent Offender Relief Act of 2013, H.R. 62, 113th Cong. (2013).  Accordingly, Petitioner's claim is meritless.  After reviewing Defendant's Motion to Alter Judgment and the applicable record, this Court finds that he is not entitled to this extraordinary remedy.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Alter Judgment is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February  20 , 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**